Lomax, J.
delivered the opinion of the court.—The • first error relied upon in the petition in this case, the refusal of the court below to grant a new trial, this court has deemed it unnecessary to consider, because - it discovers in the record another error, which supersedes the necessity of considering the first.
The well established practice in England and in this state is, that a prisoner accused of felony must be arraigned in person, and must plead in person; and in *625 all the. subsequent proceedings, it is required that he shall appear in person. This practice is stated in 1 Chit, Crim. Law, 411. 414. It is there laid down, that the accused in capital felonies cannot be found guilty in his absence; that it is necessary he should personally attend; and that the facl.of such attendance should appear on the record. The rules applicable in England to trials for capital felonies are believed, in the general, to be equally applicable in this state to all felonies punishable by confinement in the penitentiary. In looking into the english forms of entries, it will be found that the appearance of the accused is carefully stated upon the record to have been in his proper person. 4 Chitt. Cr. Law, 268.
The principles on which this practice is founded are supposed to be too obvious to need explanation or illustration.
In this record it is stated, that on the 29th of September 1837, the accused was led to the bar in custody of the keeper of the jail, and thereupon was arraigned, and pleaded ; and on his motion the cause, was continued till the first day of the next term, and thereupon he was remanded to jail. And afterwards, at a circuit court &c. held on the 27th of April 1838, “ came as well the attorney for the commonwealth, as the prisoner by his attorney, and thereupon came a jury,” &c. The jury not agreeing upon their verdict on tbat day, were adjourned over until the next day; and afterwards, on Saturday the 28th April 1838, the record proceeds to state that “ the venire impannelled upon the trial of this cause on yesterday, again this day appeared in court, and retired to consider of their verdict, and after some time returned into court, and on their oath do say, ‘ We of the jury find the prisoner, Allen M. Sperry, guilty of the felony charged, and do ascertain the period of his confinement in the public jail and penitentiary house to be five years; and we further find that the mare stolen *626 has been restored to the owner thereof.’ Whereupon the prisoner was remanded to jail.”
If it can be inferred, from the circumstance that the prisoner was remanded to jail, that he was personally present during the proceedings on the 28th of April, when the verdict of conviction was found, there is no such circumstance stated in the proceedings of the preceding day.- The only statement in regard to the appearance of the prisoner on that day, is, that he appeared by his attorney; without any circumstance stated from which it can necessarily be inferred that he was personally present. An appearance by attorney cannot imply that the prisoner was personally present in court: and therefore the record is deficient in what the law regards as essential to be stated in such a case.
For this error, therefore, the court is of opinion that the judgment must be reversed, and a venire facias de novo awarded.